New Jersey Department of Labor,
Workmen's Compensation Bureau.

DONATO CIRCELLI, PETITIONER, v. GASPER FALCO,
RESPONDENT.

Decided May 29, 1940.

For the petitioner, *Joseph C. Cassini.*

For the respondent, *George E. Meredith.*

\*        \*        \*        \*        \*        \*        \*

Thereafter the matter came on for hearing and a compromise settlement was entered into without prejudice and without waiving any rights or defenses which the respondent had in the matter.

Subsequently, and on October 29th, 1937, a second petition was filed alleging that the condition of the petitioner had become worse since the date of the settlement and alleging further that the petitioner's right arm had been injured at the time of the accident. In its answer to this second petition, the respondent reiterated its denial of the happening of an accident and further alleged that the condition of the petitioner had not become worse since the previous determination and rule for judgment of this bureau.

\*        \*        \*        \*        \*        \*        \*

The petitioner testified in his own behalf and also called Dr. J. M. Silverstein, Dr. Charles Reinscher, Dr. J. A. Porias and Dr. Max Kummel.

The respondent produced two lay witnesses and also two medical experts, Drs. Jack Blumberg and A. C. Ruoff.

While the history of the case is not a determination of the issues involved, it is of some interest in considering the entire picture of the case. Although a petition to reopen was filed on October 29th, 1937, the matter was at no time moved by the petitioner or the various attorneys who represented him during the course of these proceedings. It was only after the service of a notice in accordance with the provisions of *R. S.* 34:15-54 that the matter was finally brought to trial, the case having been adjourned eighteen times prior to the service of this notice.

It seems unnecessary to recite the testimony in detail. It is sufficient, in my opinion, to state the issues involved and my findings and conclusions based on the testimony.

The issues presented by the evidence are:

1. Did the petitioner meet with an accident arising out of and in the course of his employment?

2. Did the accident occur in the manner and with the end result described by the petitioner and his witnesses?

In deciding these questions, the credibility of the petitioner plays an important part. Both from the testimony and from my personal observation of the petitioner, I am not at all impressed with his credibility. Frankly, I do not believe the petitioner. That is a bold statement for a court to make and I do not often make it that emphatically. There are many reasons, however, which justify this conclusion. In the first place, the petitioner testified that he fell from a height while carrying a plank, and the plank, which he described as being sixteen feet long and twelve inches wide, fell upon him. Yet, when he was seen by the first attending physician on the date of his alleged accident, there were no visible evidences of injury to his elbow or back, the parts of his body which he claims to have hurts. It is of some significance, too, that the second attending physician who saw the petitioner five days later was unable to observe any visible signs of

injury. Another fact which casts some doubt on the petitioner's claim is the fact that his testimony is entirely uncorroborated. While others were on the job, the petitioner produced no one to substantiate his claim of injury, and two of his immediate superiors denied any knowledge or notice of the alleged happening.

I do not mean to imply that corroboration is necessary in all cases. The word of a petitioner alone, if believable, is sufficient to establish the happening of an accident; but, where corroboration is possible and the petitioner fails to produce such corroborative evidence, that fact must be considered together with the conduct of the petitioner, both following his accident and during the course of the trial. *Roach v. Yellow Cab Co.*, 6 N. J. Mis. R. 386; 141 Atl. Rep. 767.

It is significant also that both the petitioner's doctors and the respondent's doctors in the case testified that the petitioner was prone to exaggerate his symptoms and complaints, which reflects badly on his credibility.

Another observation which I made during the course of trial was the petitioner's apparent desire to impress the court with his total lack of understanding of the English language to the point that he insisted upon an interpreter in giving his testimony. I observed, however, that the petitioner on occasion gave his answers to questions propounded in English before the interpreter had an opportunity to translate the questions. Also, when the petitioner was called in rebuttal and at the suggestion of the court, his examination was carried on in English and it was obvious to me that he had a clear grasp of the questions put to him and gave prompt responsive answers. I particularly observed that the petitioner changed his seat during the course of testimony by the respondent's witnesses so as to better hear the testimony, and his attitude and expression led me to believe that he understood thoroughly what was going on and understood, too, the testimony given by these witnesses in English.

With these and many other examples of conflicting testimony in the petitioner's own case, the evidence leaves me in the state of mind that I doubt that he even got hurt.

In spite of this serious doubt, I would be willing to go

216

along on the theory that the petitioner did meet with an accident as he described, but in view of the evident insincerity of the petitioner, his medical testimony must fall of its own weight inasmuch as the doctor's opinions were based in a large measure, if not entirely, on his subjective complaints.

During the course of argument the case of *Circelli* v. *Falco,* 17 *N. J. Mis. R.* 94; 5 *Atl. Rep.* (*2d*) 61, was called to my attention and it seems that the language of Deputy Commissioner Stahl in deciding that issue, which involved the same parties, is particularly pertinent and applicable to the facts presented in this trial: "I find that the weight and quality of the medical testimony presented by the respondent outweighs that of the petitioner's medical testimony. In reaching this conclusion I do not wish to appear to be reflecting upon or criticizing the judgment or ability of the petitioner's doctors. I feel that the petitioner by his course of action, inaccurate history and exaggeration of his complaints misled the doctors into reaching an incorrect conclusion."

I, therefore, find, in spite of the serious doubt in my mind as to whether the petitioner did in fact meet with an accident arising out of and in the course of his employment, that he has been more than adequately compensated under the previous order of this bureau, and in all events that his disability at the present time as the result of the alleged accident does not exceed five per cent. of total permanent disability.

It is, therefore, * * * ordered that the petition be and the same is hereby dismissed without costs to either party.

HARRY S. MEDINETS,
*Deputy Commissioner.*